THE BEDFORD BELT RAILWAY COMPANY *v.*
WINSTANDLEY ET AL.

[No. 1,997.  Filed June 16, 1896.  Rehearing denied October 1, 1896].

CONTRACT.—*Land Purchased to be Held in Trust for Another.— Parol Agreement.— Statute of Frauds.—* B, a railroad company, made an oral agreement with W by which W purchased, to be held for B, a tract of real estate, for a consideration of $5,000. B advanced a payment of $2,500, and the real estate was conveyed by

warranty deed to W, who executed a mortgage for balance of pur-
chase money which B verbally agreed to pay. B failed to pay off
said mortgage when due, and the same was foreclosed and a per-
sonal judgment rendered against W. The lands did not sell on
foreclosure sale for enough to satisfy the judgment, and W was
compelled to pay the deficiency remaining after sale of the lands.
*Held*, in an action by W against B to recover the amount of the
deficiency paid by him, that B's promise to pay the remainder of
the purchase price was not an attempt to create a trust or convey
an interest in land by parol, nor was it a promise to pay the debt of
another.

From the Monroe Circuit Court. *Affirmed.*

*F. M. Trissal*, for appellant.

*John D. Alexander*, for appellees.

LOTZ, J.—The facts of this case are substantially as
follows:

In 1893 the appellee, Jesse M. Winstandley, pur-
chased of Martin and Michael O'Brien certain lots or
parcels of land in the City of Bedford for the sum of
$5,000.00. He paid $2,500.00 cash and gave his note for
$2,500.00 and secured the same by a mortgage on the
land, the mortgage being executed by himself and
wife. The O'Briens conveyed the land to him by war-
ranty deed. He was induced to take such conveyance
and to execute the note and mortgage by the officers
of the appellant and the $2,500.00 cash payment was
made with the money of appellant furnished the ap-
pellee for that purpose. Winstandley held the title
of said land in trust for the appellant, and the ap-
pellant agreed to pay the remainder of the purchase
money. Winstandley and wife subsequently, at the
request of the officers and agents of the appellant, by
quit claim conveyed the realty to one Hatch, another
agent of the appellant, and the title was taken and
held for appellant. Subsequently the mortgage to the
O'Briens became due and they brought suit and ob-

tained a decree of foreclosure of the same, and a personal judgment against the appellee. The lands were sold by the sheriff to satisfy the decree. The lands did not sell for enough to satisfy the judgment and the sheriff then levied upon the other property of the appellee on the personal judgment rendered against him, and he was compelled to pay the remainder in amount, about $700.00.

In the action brought by the O'Briens, the appellee and his wife filed a cross-complaint and had the appellant made a defendant thereto. Before the issues were joined and tried on the cross-complaint, the O'Briens recovered a judgment of foreclosure and exhausted the land and the appellee satisfied the remainder. The appellee and his wife then filed a supplemental complaint and asked for a judgment against the appellant. The issues on the cross-complaint were tried by the court and a special finding made upon which the court stated conclusions of law and rendered judgment in favor of the appellee, Jesse M. Winstandley, only.

It is insisted that the promise declared on is void because (1) it is an attempt to create a trust in real estate by parol; (2) it is an attempt to convey an interest in real estate by parol; and (3) it is a promise to answer for the debt, default or miscarriage of another, and is not in writing signed by the party to be bound thereby.

These questions arise upon demurrer to the cross-complaint; upon exceptions to the conclusions of law, and upon the motion for a new trial.

Neither of these contentions is well taken. The appellant has the title to the realty held in trust for it by its agent Hatch. Its money went into the purchase thereof and a resulting trust arises in its favor which

it can enforce. The promise made to the appellee is not within the statute of frauds. It is not a promise to answer for the debt, default or miscarriage of another, but is a direct and original undertaking made by the appellant to the appellee.

The appellee has been compelled to pay a part of the purchase money of appellant's real estate, and for such payment the appellee has received nothing. The appellant in good conscience and equity should be compelled to reimburse him.

Several other minor. objections are made to the proceedings in the court below; but it is a well established rule that when the ultimate judgment is right no intervening errors will avail in securing a reversal.

Judgment affirmed.